Spear, J.
It is argued, in- support of the petition in error, that the plaintiff has mistaken his remedy; that if he has any it is by mandamus, and not by injunction, and that the superior court is without jurisdiction, that court having no jurisdiction in mandamus. Also that sufficient facts are neither stated in the petition nor proven to entitle the plaintiff to any injunction whatever, and that, under any possible showing, he was not entitled to the sweeping order that the court made.
1. The proper form of action. As to mandamus our statute, section 6741, Revised Statutes, provides : “Mandamus is a writ issued in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which *197 the law specifically enjoins as a duty resulting from an office, trust or station.” And by section 6744, it “must not be issued in a case where there is a plain and adequate remedy in the ordinary course of the law.” In some jurisdictions the remedy of mandamus is given to right wrongs similar to the one here complained of. We are not, however, concerned with the law of other states, but with that of our own, and it seems hardly necessary to take space to demonstrate that in Ohio mandamus is not, but that injunction is, the proper remedy in a case of this nature. The complaint of plaintiff is that he is unlawfully prevented from the enjoyment of a right which is incident to his ownership of stock, and his remedy is that the corporation be compelled to desist from such deprivation. This does not call for the performance of an act which the law specifically enjoins. It is, on the other hand, an act which may be compelled by injunction in the common and ordinary exercise of that power. There is, therefore, a plain and adequate remedy open to him in the ordinary course of the law, for, within the meaning of this statute, an equity proceeding is a proceeding of that character. There is, in the opinion of the writer, another and perhaps better, reason than the foregoing for the conclusion announced (The Fraternal Mystic Circle v. The State,61 Ohio St., 628), but the one given is deemed sufficient for the purposes of this case. Freon v. Carriage Co., 42 Ohio St., 30; State ex rel. v. Carpenter, 51 Ohio St., 83.
2. It being determined that the action was properly brought, and that the court had jurisdiction, is the petition sufficient, or must the plaintiff, before he can have standing in court, set out what his reasons for desiring the inspection asked are, and show that he is actuated by proper motives and in the pursuit of justifiable ends? Such is the contention of plaintiff in error. The statute is, section 3254: “And the books and records of such corporation shall' *198 at all reasonable times be open to the inspection of every stockholder.” But it is insisted that this provision is not intended to enlarge the right, but is a mere affirmation of the common law rule, and that that rule embodies many conditions, among them that the stockholder must allege and prove that he is acting in good faith. Without stopping to discuss the extent of, and the limitations upon, the rule as established by the common law, (for the holdings are at variance upon it), we inquire what reason there is for saying that the intent of the legislature was to merely affirm the common law rule? If that had been all, why take the trouble t© legislate on the subject at all? Is it not more reasonable to conclude that the object was to get rid of all uncertainty and of various conditions, whatever they were, and establish the right by a rule, clear, direct, simple, and practically without qualification? The language is plain. The right given is clear. One condition, and one only, is attached, viz.: that the right can be exercised only at reasonable times. Ordinarily the motive, or purpose, of the party who is in the exercise of, or is about to exercise, a clear legal right, is Unimportant. Letts v. Kessler, 54 Ohio St., 73, and authorities cited; McDonald v. Smalley, 1 Pet., 620. A like rule prevails as to one’s pursuit of an equitable remedy. Morris v. Tuthill, 72 N. Y., 575; Davis v. Flagg, 35 N. J. Eq., 491; Thompson on Corp., sec. 4412, and authorities cited. No reason is apparent why the rule should not apply to the case at bar. We are of the opinion that where a suitor demands the enforcement of a clear right given him by law, whether the remedy be legal or equitable, his motive for such action is not a proper subject for judicial investigation. The petition stated a cause of action and if supported by the evidence warranted the granting of equitable relief.
3. Was the order of the trial court too broad? The finding by the court of all the issues for the *199 plaintiff settles the questions of fact for this court, but it is not improper to add that there was an entire failure to show, on the part of defendant, that the plaintiff was acting from the improper motives charged in the answer, and that the evidence, all of which we have read and considered, fully justifies the finding in favor of the plaintiff. So that, even had the petition been obnoxious to a demurrer in failing to allege a proper purpose for the suit, the defendant, having obtained a full hearing on the charges stated in the answer, would have no ground of complaint on account of the action of the court on the demurrer.
The contention is that whatever right of examination the statute gives is a personal right, and must be exercised by the stockholder in person. Since when, we would inquire, has it been the law that one who has given him a clear right as to property may not exercise it by any proper agent? The proposition has the quality of novelty, but it is not sound. It must be apparent, on reflection, that if so circumscribed a limit were placed on the right, its exercise in many instances would be futile. Foster v. White, 86 Ala., 467; Mitchell v. Rubber Co. (N. J.), 37 Corp. Cases, 42, and notes, and same case in 24 Ap. Rep., 407; State ex rel. v. Bienville Oil Works, 28 La. Ann., 204.
Nor is the right limited to one inspection. It is an incident to ownership of stock, and may be exercised at any reasonable time so long as the relation of stockholder subsists. The right to take copies from the records follows as an incident to the right to inspect. It rests, as does the entire right to examination rest, upon the broad ground that the business of the corporation is not the business of the officers exclusively, but is the business of the stockholders. Phoenix Iron Co. v. Commonwealth, 113 Pa. St., 563; Mutter v. Ry. Co., L. R. 38 Chy. Div., 92.
We refrain from extended discussion of the ques *200 tions involved, because they are fully and ably discussed, and the authorities cited at large, in the briefs of the respective counsel which precede, and to which attention is here directed.
We would add, however, that the rights of the plaintiff in this case are based upon a recognition of his standing as an integral part of the corporation. The idea that the corporation is an entity distinct from the corporators who compose it, has been aptly characterized as “a nebulous fiction of thought.” ' Much learning has been indulged in and much space occupied by text-writers and others in an effort to differentiate the essential character of a corporation from that of its stockholders, and great ingenuity has been displayed in the argument, but it has been in the main a fruitless metaphysical discussion. For the purpose of. description and in defining corporate rights and obligations, and characterizing corporate action, the fiction that the corporation is an artificial person or entity, apart from its members, may be convenient and possibly useful, but in the opinion of the writer the argument favoring the essential separate entity of the corporation fails, and it is believed that the effort has resulted in misleading conceptions and in much confusion of thought upon the subject. When all has been said it remains that a corporation is not in reality a person or a thing distinct from its constituent parts, and the constituent parts are the stockholders, as much so in essence and in reality as the several partners are the constituent parts of the partnership. Stripped of misleading verbiage, the corporation is a device created by law whereby an aggregation of persons who may avail themselves of its privileges by organization, are permitted to use their property in a way different from that which is permitted to others who do not so organize, and with certain special advantages, among which are a measure as to personal liability for debts, and the power to perpetuate the organiza *201 tion, denied by the law to all others. With this conception of a corporation, it would seem to follow as matter of course, that the property of a corporation, although subject under some conditions to rights of creditors, is, in the last analysis, that of the stockholders, and that Avhen one seeks an inspection of its books, records, or property, he is in reality but seeking an inspection of his OAvn, and that this should be accorded fully, freely, and at all times when such inspection avüI not unreasonably inconvenience others who have like interest in and rights to the property, and that the attempt to unreasonably hamper such inspection, by officers, managers, or others, is an unjust exercise of power and one which courts should not sanction.
Nor can the officers of the corporation, or the other stockholders, justly complain. They have chosen this method of investing their means and conducting the business for personal profit, a method which, as we have seen, is especially favored by the law, and they should expect to endure such inconveniences, and such chances of exposure of management, as the method entails. In other words, it is not unreasonable that they should be required to take the bitter with the sweet.
No error is found in the judgments of the courts beloAV, and they will be

Affirmed.