## Charles E. Palmer, Appellee, v. Homer F. Diel, Cashier of the First National Bank of Noble, Illinois, Appellant.

1. CORPORATIONS—*who not necessary party to proceeding by stockholder to permit examination of books.* On mandamus by a stockholder against the cashier of a bank to compel him to permit petitioner to inspect the books and records of the bank, the bank is not a necessary party.

2. CORPORATIONS—*motive of stockholder in seeking examination of books immaterial.* On a petition by a stockholder of a bank for a writ of mandamus to compel the cashier to permit him to inspect the books and papers of the bank, the motive of petitioner in seeking the examination cannot be inquired into.

3. APPEAL AND ERROR—*point not raised below.* Where a suit is dismissed as to one joint defendant at the close of the evidence and judgment is entered against the other without amending the declaration a variance exists, but in order to take advantage thereof on appeal a party must specifically point out the objection in the trial court to give opportunity for amendment.

Appeal by defendant from the Circuit Court of Richland county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924. Rehearing denied September 17, 1924.

JOHN A. MACNEIL and R. S. ROWLAND, for appellant.

H. G. MORRIS and JOHN LYNCH, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee owns 35 shares of the capital stock of the First National Bank of Noble, Illinois, of which appellant is the cashier. Appellant has the custody and control of the books and records of the bank and refused to permit appellee to inspect the same upon a demand duly made in writing. There is no controversy as to these facts. The court awarded a writ of mandamus against appellant requiring him to permit appellee to examine the books and records.

Section 38 of the Corporations Act [Cahill's Ill. St. ch. 32, ¶ 38] gives appellee the undoubted right to examine the books and accounts of the bank. It subjects any officer, who refuses him the right, to a penalty. That he has such right is not seriously denied by appellant but it is contended that the court could not award the writ because the corporation was not made a party respondent. Appellant admits that he has charge of the books and accounts and that he refused to allow an inspection upon a written demand by appellee. In *People ex rel. Muir v. Throop,* 12 Wend. (N. Y.) 183, the cashier of a bank was the only respondent and the court held the corporation was not a necessary party. That is the general rule where a stockholder is denied the right of inspection. *Swift v. State,* 7 Houst. (Del.) 338, 6 Atl. 856; *Home Guano Co. v. State,* 193 Ala. 548, 69 So. 419; *Merrill v. Suffa,* 42 Colo. 195, 93 Pac. 1099; *State v. Bergenthal,* 72 Wis. 314. Other courts hold that the corporation is neither a necessary nor a proper party. 18 R. C. L. 184; 107 A. S. R. 687; *Winter v. Baldwin,* 89 Ala. 483.

Appellant argues that the court should have denied the writ because appellee sought it for an improper motive. It is sufficient to say that the law is to the

contrary. *Venner v. Chicago City Ry. Co.*, 246 Ill. 170; *Furst v. W. T. Rawleigh Medical Co.*, 282 Ill. 366. It is argued that as the petition was against appellant and others and the court dismissed it as to all defendants except appellant the court erred in awarding the writ because the petition was not amended. In other words it is contended that the proof did not fit the pleadings after the suit was dismissed as to some of the defendants. That would simply amount to a variance and the point was not raised in the trial court. Where a suit is dismissed as to one joint defendant at the close of the evidence and judgment is entered against the other without amending the declaration a variance exists, but in order to take advantage thereof on appeal the defendant must specifically point out the objection in the trial court to give opportunity for amendment. *Mayer v. Brensinger*, 180 Ill. 110. As no reversible error has been pointed out the judgment is affirmed.

*Affirmed.*