Edward F. Miller, Appellee, v. C. A. Spanogle, Secretary of Milledgeville Mutual Telephone Company, Appellant.

Gen. No. 8,755.

Opinion filed May 10, 1934. Rehearing denied June 25, 1934.

Sims, Stransky & Brewer, for appellant; Franklin J. Stransky, of counsel.

CHARLES H. GREEN and HARRY E. WHEAT, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

Edward F. Miller, on July 22, 1933, filed in the circuit court of Carroll county his petition for a writ of mandamus to compel the respondent, as secretary of the Milledgeville Mutual Telephone Company, to permit petitioner to examine the books and records of the company. The trial court overruled a general demurrer to the petition, and respondent having elected to abide by his demurrer, a writ of mandamus, as prayed for, was awarded and a judgment rendered against the respondent for costs. From this judgment this appeal has been perfected.

The petition alleges that the petitioner is, and for five years last past has been, a stockholder in the company, which is a corporation organized and existing under the laws of this State; that respondent is its secretary and has been for more than one year last past, and has control of the books of account and records of the corporation; that petitioner, in April, 1933, while a stockholder, requested and demanded of the secretary permission to inspect the books of account and the records of the company, which request and demand was made at the office and place of business of the corporation in Milledgeville, and was refused; that on May 3, 1933, petitioner filed in the circuit court a petition similar to this one, praying for a writ of mandamus; that that proceeding was not prosecuted because respondent stated that he would grant petitioner access to all the books and records of the corporation; that thereafter petitioner was given access to certain books and records but not all of them, and about the middle of June, 1933, respondent refused to permit petitioner to inspect or examine any other books or records; that thereafter and on July 6, 1933, a further demand was

made, resulting in permission being granted to examine certain other records of the company which was done; that on July 19, 1933, a written demand was made to examine and inspect all the records of the company, and this demand being refused, this proceeding was instituted. The petitioner then alleges, upon information and belief, that the company has had a large income from the operation of a telephone business, and by proper and efficient management, it could have paid substantial annual dividends to its stockholders, but has paid none, and is either accumulating a large cash surplus or operating in such an unbusinesslike and inefficient manner as to dissipate its income. The petition also contains allegations of irregular issuance of stock certificates and of irregular stock transactions and avers that petitioner has been wholly unable to learn any information as to the operation, management, income or expenditures of the said company. The petition prays that a writ of mandamus issue, commanding respondent to admit petitioner to the office of the company at all reasonable times and give him full access to all books of account and records of the company for inspection and examination.

Counsel for appellant insists that the petition is defective, first, because it does not allege that petitioner is the record owner of any stock in the company and has been for six months, or in the alternative that he is the owner of five per cent of all the stock of the corporation; second, the petition does not allege any proper purpose as required by statute, and third, the petition fails to allege whether the company was organized for or not for pecuniary profit.

The Business Corporation Act of 1933, Cahill's St. ch. 32, ¶ 45, provides, among other things, that "any person who shall have been a shareholder of record for at least six months immediately preceding his demand or who shall be the holder of record of at least

five per cent of all the outstanding shares of a corporation, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes, and record of shareholders and to make extracts therefrom. . . . Any officer, or agent, or a corporation which shall refuse to allow any such shareholder, or his agent or attorney, so to examine and make extracts from its books and records of account, minutes, and record of shareholders, for any proper purpose, shall be liable to such shareholder in a penalty of ten per cent of the value of the shares owned by such shareholder, in addition to any other damages or remedy afforded him by law. . . . Nothing herein contained shall impair the power of any court of competent jurisdiction, upon proof by a shareholder of proper purpose, to compel by mandamus or otherwise the production for examination by such shareholder of the books and records of account, minutes, and record of shareholders of a corporation.''

Section 38 of the General Corporation Act of 1919, Cahill's 1931 St. ch. 32, ¶ 38, provided that ''each stockholder of a corporation shall have the right, at all reasonable times, by himself or by his attorney, to examine the records and books of account. Any officer or director who denies such access shall be liable to the stockholder denied in a penalty of ten per centum of the value of stock owned by such stockholder, in addition to any other compensation or remedy afforded him by law, if any, which shall be recoverable in any court of competent jurisdiction. . . . Nothing herein shall impair the power of the courts to compel by mandamus or judgment production for examination by any stockholder of the stock books of any corporation.''

It will be observed that the Act of 1919, which was repealed by the Business Corporation Act of 1933, gave each stockholder the right at all reasonable times

to examine the records and books of account of the corporation, while the corresponding part of section 45 of the Business Corporation Act of 1933 limited that right for a proper purpose and to a stockholder of record for at least six months immediately preceding his demand or to the holder of record of at least five per cent of all the outstanding shares of the corporation. The later part of the same section, however, provides that nothing therein contained shall impair the power of any court of competent jurisdiction, upon proof by a stockholder of proper purpose, to compel by mandamus the production for examination by such shareholder of the books and records of account.

Under the Act of 1919, as well as under previous statutes, it was held that the right of a stockholder to inspect the books of a corporation was absolute, regardless of the purpose for which he sought the right, *Furst v. Rawleigh Medical Co.*, 282 Ill. 366; *Wilson v. Mackinaw State Bank*, 217 Ill. App. 494; *Palmer v. Diel*, 233 Ill. App. 508, and it was no defense to allege improper purposes or that the petitioner desired the information for the purpose of injuring the business of the corporation. *Venner v. Chicago City Ry. Co.*, 246 Ill. 170; *Stone v. Kellogg*, 165 Ill. 192, 204.

At common law every stockholder of a corporation has a right by reason of his interest therein to inspect and examine its books and papers if he asserts the right at a reasonable time and place and for proper purposes, Fletcher Cyc. Corp. (1st Ed.) sec. 2810; 14 C. J. 853, sec. 1300, and it is this right which the Act of 1933 preserves and declares. In this State, therefore, the right is no longer an absolute one, regardless of the purpose for which it is sought.

In commenting upon the fact that the courts are not agreed as to the absolute or qualified character of a stockholder's statutory right of inspection, the author of the article on corporations, appearing in 14 C. J.

856, sec. 1302, says: ''The lack of unanimity among the courts of the several states in the construction of similar statutory provisions has led the legislatures of some states to amend their respective statutes so as to provide that the purpose of the inspection should be proper. Under such statutes, the right of inspection is not absolute, and may be refused where information is not sought in good faith or is to be used to the detriment of the corporation. . . . If, in a particular jurisdiction, the motive or purpose of the stockholder is a proper subject of judicial inquiry, it is only so when asserted as a defense.'' And the same author in the same volume of C. J. at page 862, sec. 1317, says: ''The burden of proving that the motive or purpose of the stockholder seeking inspection is improper is on the corporation or officer alleging it, there being no presumption that it is improper.'' And a like statement is found in Fletcher Cyc. Corp. (1st Ed.) p. 4103, sec. 2822, where it is said: ''There is no presumption that a stockholder seeking information does so with a bad motive or with intent to inflict injury upon the corporation. This is a matter of defense to be pleaded and proved.'' Under these authorities, therefore, it was not necessary for this petition to allege facts showing the motive or purpose of petitioner in seeking to inspect the records and books of this company, but if it was necessary, we do not believe that anyone could read the allegations of this petition and conclude therefrom that petitioner was not seeking, in good faith, the information desired or that he sought to use the information he would acquire to the detriment of the company.

The petition is verified and after reciting that petitioner made numerous demands to inspect the books and records of the company and met with a corresponding number of refusals, it then alleges, upon information and belief, that the company has enjoyed a large

and substantial income and has not paid any annual dividends and from these facts, the pleader concludes and charges that the company is either accumulating a large cash surplus or its large income has been dissipated by inefficient management. The petition also alleges that the officers have issued two or more certificates of stock, each certificate purporting to represent the same share of stock, and that these stock certificates have been issued to several different people and that certificates of stock have been issued to persons as transfers from other persons, the consideration therefor being an agreement on the part of the transferees to satisfy certain debts of the transferors due the corporation, which debts never have been satisfied or paid by the transferees.

Courts should not refuse to enforce the common law right of a stockholder who seeks information for proper and legitimate purposes, 14 C. J. 855, and a proper and legitimate purpose authorizing inspection exists where a stockholder wishes to ascertain the value of his stock, *State v. Jessup & Moore Paper Co.,* 24 Del. 379, 30 L. R. A. (N. S.) 290, or to acquire knowledge to enable him to vote understandingly at a stockholders' meeting. *State v. Bienville Oil Works Co.,* 28 La. Ann. 204. In *State ex rel. Humphrey v. Monida & Yellowstone Stage Co.,* 110 Minn. 193, 124 N. W. 971, 125 N. W. 676, the court recognized that the statutory right of a stockholder in that State to inspect the books of a corporation is not an absolute one and may be refused where the information is not sought in good faith, but held that a petition is sufficient to make a prima facie showing of good faith, which shows that petitioner is a stockholder and unable to secure information as to the financial standing of the company and the method of conducting its business. Under these authorities, this petition stated sufficient facts when challenged by a general demurrer to require an answer thereto by respondent.

This is not a proceeding to recover the penalty provided for in section 45 and we are clearly of the opinion that it was unnecessary in this proceeding for petitioner to allege, before he is entitled to the relief prayed for, that he was either a stockholder of record for six months immediately preceding his demand to inspect the books of the corporation or that he was the holder of record of at least five per cent of all the outstanding shares of the corporation.

It is next insisted that this petition is defective for failing to allege that the corporation was organized for pecuniary profit. It is true that the petition does not allege in so many words that the corporation was so organized, but it is manifest from the allegations therein contained regarding stockholders, accounts receivable, earnings and dividends that it was so organized.

It is finally insisted that the judgment entered is vague, too broad and indefinite. The judgment commanded respondent to admit petitioner in person or by attorney to the office of the Milledgeville Telephone Company in the Village of Milledgeville, and there at all reasonable times and during business hours of the office of the corporation give to petitioner or his attorney access to the books of account and records of the company over which respondent, as secretary, has control and permit him or his attorney to inspect said books of account and records, conditioned, however, that the order should only be effective so long as petitioner was a stockholder of said company. We fail to find any defect in this judgment and it is our opinion that the trial court properly overruled the general demurrer to this petition and that the judgment rendered is in accordance with the law and should be affirmed.

*Judgment affirmed.*