Benedict S. Wise, Appellee, v. H. M. Byllesby and Company et al., Appellants.

Gen. No. 38,699.

Opinion filed April 20, 1936.

Cummins, Hagenah & Flynn, of Chicago, for appellants; James F. Burns and Francis E. Donnelly, of Chicago, of counsel.

Rosenthal, Hamill & Wormser, of Chicago, for appellee; Willard L. King and George W. Gale, both of Chicago, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

On August 5, 1935, Wise filed a petition against H. M. Byllesby & Co. and certain of its officers, praying a writ of mandamus to compel them to permit petitioner and his duly authorized agents and attorneys to examine at reasonable and appropriate times the books, records, etc., of the corporation. The petition was based on section 45 of the Business Corporation Act (Ill. State Bar Stats. 1935, ch. 32, ¶ 45, p. 857). It was averred in the petition that for at least six months prior to July 13, 1935, and continuously since that date, petitioner was a stockholder of defendant corporation; that during that time he was the owner of 475 shares of Class "A" and 25 shares of Class "B" stock therein; that defendant corporation was organized under the laws of the State of Delaware but for many years had been authorized to do business in Illinois; that its principal office and place of business was in the city of Chicago, and that the minutes of the meetings of its board of directors and other records were kept at 231 South LaSalle street, Chicago, and were in the control of some of the defendants; that July 13, 1935, pursuant to section 45, petitioner demanded the right to examine the books, records, etc. The demand, a copy of which is set up in the petition, was in writing and stated the purposes of the examination to be "to determine the true value of the company's capital stock; its prospective ability to pay its secured debt due in July, 1935, its ability to pay any other matured or maturing

debts or obligations; the dealings between the corporation, its officers and directors, and subsidiary affiliated and controlled corporation, their officers and directors; and whether there are any liabilities to the corporation by the officers and directors thereof, or by others, in connection with its affairs.'' The notice further stated that in default of such opportunity to examine, an application would be made to a court for relief.

The petition also averred that petitioner's duly authorized agents appeared at the principal office of defendant company at 231 South LaSalle street on August 1, 1935, during regular business hours and demanded the privilege of making such examination, which was refused; that he now wishes to examine the books and records for the purposes above set forth.

August 17th defendants filed a demurrer to the petition which on August 26th the court struck from the files and entered an order, giving defendants 20 days to plead. September 15th defendants filed a motion to dismiss the petition for insufficiency on the ground that section 45 was not applicable to foreign corporations, such as defendant company. This motion was denied September 23rd and September 28th defendants filed their answer, in which they admitted certain facts alleged in the petition but upon information and belief denied that the notice served was in accordance with and pursuant to section 45 of the Business Corporation Act, Ill. State Bar Stats. 1935, ch. 32, ¶ 45. They admitted that the representatives of plaintiff went to the office of defendant corporation on August 1, 1935, and demanded the right to examine the books and records, as alleged, and that their demand was refused, but denied that the refusal was wrongful and contrary to the provisions of section 45; averred that they have no knowledge upon which to form a belief as to allegations made as to the alleged purposes for which petitioner desired to have the examination made; but

denied the allegation that the corporation or its officers and agents knew the purposes of the examination desired, or that the purposes were proper, as required by law. As a further defense they averred that section 45 was not applicable to Byllesby & Co. because it is a foreign corporation organized and existing under the laws of the State of Delaware. As a further defense, the answer avers that during all the time in which petitioner has been a stockholder, defendant company has issued full and complete reports from time to time to all of its stockholders, and that copies of these reports have at all times been mailed and have been available to petitioner; that said reports have correctly stated the true condition of the business and affairs of defendant company, and that at no time have defendants been requested by petitioner to furnish him any information regarding the affairs of the defendant corporation prior to the time of the filing of the request for inspection which is made the basis of the action.

The petition and the answer to it were duly verified.

October 2, 1935, petitioner moved to strike the answer as insufficient in law for the reason that it contained no averment of any fact or facts constituting a defense to the action, and that the answer did not deny any material facts alleged in the petition. This motion was overruled. The evidence was heard and on the day of the hearing, October 3rd, the court entered its judgment, granting the writ as prayed. The order finds the facts as stated in the petition with reference to the ownership of stock in the corporation by petitioner; that the corporation was organized under the laws of Delaware but has been duly qualified and authorized to do business in the State of Illinois; that its principal place of business is in Chicago and the records are kept at 231 South LaSalle street; that the persons defendants are officers of the defendant company; that demand was made on July 13, 1935, by pe-

titioner in accordance with and pursuant to section 45 of the Business Corporation Act; that the authorized agents of petitioner went to the principal office of the corporation at 231 South LaSalle street on August 1, 1935, during the regular business hours and demanded of persons in charge the right to examine the books and records of accounts, etc.; that the demand was refused; that petitioner desired and now desires to examine such records, etc., in order ''to determine (1) the true value of said corporation's capital stock; (2) its prospective ability to pay its secured debt due in July, 1935, whether said debt has been paid, and if unpaid the conditions thereof and of the collateral securing the same, and the agreements relating thereto; (3) its ability to pay any other matured or maturing debts or obligations; (4) the dealings between said corporation, its officers and directors and subsidiary, affiliated and controlled corporations, their officers and directors; and (5) whether there are any liabilities due to the corporation from the officers and directors thereof, or from others in connection with its affairs; and that said corporation and its officers and agents in control of its said books and records of account, minutes, and record of shareholders knew that such were the purposes of the examination sought by the petitioner; that each of said purposes was and is a proper purpose.'' It was therefore adjudged that the writ issue, and from this judgment defendants prosecute this appeal.

It is urged as reason for reversal that the trial court erroneously ruled that section 45 of the Business Corporation Act gave petitioner an absolute right to examine the books and records of the corporation regardless of his purpose or the effect thereof on the corporation or other stockholders, and *Miller v. Spanogle*, 275 Ill. App. 335, is cited. There was an extended colloquy between court and counsel, in which the trial judge explained his reasons for granting the prayer of

the petition. We do not understand that the court proceeded upon the theory that the right of examination was absolute or that section 45 had not changed the law as heretofore announced in cases of which *Venner v. Chicago City Ry. Co.*, 246 Ill. 170; *Furst v. W. T. Rawleigh Medical Co.*, 282 Ill. 366, are illustrative.

The averments of the petition conform to the requirements of the statute concerning the necessary qualifications of a stockholder entitled to make a demand and sue and the purpose for which such examination is desired. At the trial petitioner appeared as a witness and gave evidence tending to support these averments. He was cross-examined at length, but the cross-examination did not disclose unworthy motives. Although perhaps he was not required so to do, petitioner assumed the burden of proof and established a prima facie case, which was not contradicted. It is true, we think, that under the statute the right of examination is not absolute but qualified and limited to the class of stockholders, whose interests are such as described in the statute and who desire an examination for a purpose which is not improper. *Miller v. Spanogle*, 275 Ill. App. 335, is not, as we understand it, to the contrary.

Defendants next contend that the judgment of the trial court was erroneous because entered on the theory that the proceeding was purely statutory and therefore gave the court no discretion. We do not so understand the record; however, the discretion to be exercised in such cases is always a judicial discretion which is never arbitrary and may not be used in disregard of uncontradicted evidence. Petitioner argues that once a proper purpose is established, "it may well be doubted whether any discretion remains in the trial court as to whether or not a writ of mandamus should issue," and cites *Furst v. W. T. Rawleigh Medical Co.*, 282 Ill. 366, which was not decided under the Business Corporation statute. It is not necessary to so hold in

order to sustain this judgment. Defendants cite *Stone v. Kellogg*, 165 Ill. 192, to the effect that a writ of mandamus will not issue as a matter of course to enforce a mere naked right or gratify idle curiosity, but petitioner must show some specific interest at stake rendering inspection necessary or some beneficial purpose for which the examination is desired. Assuming that the court there stated the rule applicable under the present statute, we think the evidence submitted is sufficient to establish compliance with the rule, in that it shows more than a mere naked legal right, sets up a specific interest, and establishes an absence of idle curiosity or other unworthy motive, making inspection proper and necessary. Indeed, the facts disclosed by the evidence prove much more than enough to establish a merely formal case. These show that petitioner began the purchase of stock in the defendant company as early as the year 1929; that he paid about $10,000 for the shares of stock which he holds; that for several years last past he has received no dividends on his investment; that he had made previous inquiries at the New York office of defendant without result, although he saw the manager of that office personally; that he is a lawyer of standing and experience who has knowledge about the workings of corporations and knows stockholders' rights. In 22 A. L. R., p. 43 (b) the annotator points out that the courts are not agreed as to whether a stockholder is entitled as a matter of course to a writ of mandamus to enforce his statutory or constitutional right of inspection; that in some States the right is asserted to exist whenever the stockholder brings himself within the provisions of the enactment; that in other jurisdictions, such provisions are held not to affect the rule of practice that mandamus is a discretionary writ, "which will not be issued except for just cause and a proper purpose"; that "it would seem that the trend of the later decisions support the

latter rule.'' Under either rule, we hold petitioner here was entitled to his writ.

It is urged that the judgment is subject to criticism, in that it awards the writ without limitation as to time and irrespective of whether petitioner continues to be a stockholder. The court, however, retained jurisdiction, and these are mere matters of detail concerning which, in case of disagreement, the parties may apply to the court for a modification. Indeed, the record shows that the court expressly informed counsel that such application might be made. The record shows:

''The Court: You can come in on that and seek to have the order modified or limit the examination, if you suggest he is going beyond the reasonable limits.''

Of course, if at any time petitioner ceases to be a stockholder, his right to examination so far as he is personally concerned would cease to exist. What the right of a purchaser *pendente lite* might be it is not necessary to decide.

Finally, defendant contends that the statute is not applicable to defendant corporation because it is a foreign corporation, and urges that the order be reversed for that reason. If we assume this contention to be correct, it would not necessarily require a reversal, since the right of inspection exists at common law, giving to petitioner rights apparently identical with those now conferred by section 45 of the statute. Thus in *Miller v. Spanogle,* 275 Ill. App. 335, the court said:

''At common law every stockholder of a corporation has a right by reason of his interest therein to inspect and examine its books and papers if he asserts the right at a reasonable time and place and for proper purposes, Fletcher Cyc. Corp. (1st Ed.) sec. 2810; 14 C. J. 853, sec. 1300, and it is this right which the Act of 1933 preserves and declares.''

In the annotation to 22 A. L. R. 25, which is cited by defendants, the annotator says:

"Stockholders, as owners of the corporation, for a proper purpose, are entitled to reliable information as to its condition and affairs and the manner of conducting its business, and, to secure such information, they are entitled, at common law, to inspect the books and records of the corporation containing such information, and usually this right will be enforced in behalf of a stockholder by mandamus, the inspection to be had at proper and reasonable times, considering the business and convenience of the corporation."

Petitioner, therefore, is entitled to his writ irrespective of the statute, under the common law. However, we do not agree with the contention of defendants that section 45 is not applicable to a foreign corporation licensed in Illinois. Defendants rely on section 2 of the Business Corporation Act (Ill. State Bar Stats. 1935, ch. 32, ¶ 2), which defines the word "corporation" thus:

" 'Corporation' or 'domestic corporation' means a corporation subject to the provisions of this Act, except a foreign corporation."

Section 45 of that act provides:

"Each corporation shall keep correct and complete books and records of account," etc., and provides for the right of the shareholder to inspect for a proper purpose. Section 103, Ill. State Bar Stats. 1935, ch. 32, ¶ 103, provides that a foreign corporation, which has received a certificate of authority, shall, until revocation or withdrawal of the certificate, "enjoy the same, but no greater, rights and privileges as a domestic corporation organized for the purposes set forth in the application pursuant to which such certificate of authority is issued; and, except as in this Act otherwise provided, shall be subject to the same duties, restrictions, penalties and liabilities now or hereafter

imposed upon a domestic corporation of like character." Defendants say that by virtue of the definition of the word "corporation" in section 2, which is just as much a part of the law as section 45, it must be held that the application of section 45 extends to any corporation subject to the provisions of the Business Corporation Act, "except a foreign corporation." In other words, the contention is that the mere omission of the word "foreign" in section 45 exempts the foreign corporation from compliance as provided in section 103. A comparison of section 45 of the Business Corporation Act with sections 37 and 38 of the General Corporation Act of 1919 and section 103 of the present act with section 84 of the act of 1919, shows that the sections are practically identical except that in section 45 of the Business Corporation Act the words, "for any proper purpose," have been inserted. These sections of the Act of 1919 were construed together in *People v. American Discount Co.*, 332 Ill. 18, and the Supreme Court held in that case that the provisions for the examination of corporate records applied to a foreign corporation. In adopting and using the language of sections 37 and 38 of the former act in writing section 45 of the present act, the legislature necessarily, we think, adopted the construction which had at that time been placed thereon by the Supreme Court of the State. Moreover, we think the construction of section 45 for which defendants contend disregards entirely the use of the word "each" as the same appears in section 45, and the phrase, "each corporation," when considered in connection with sections 2 and 103, must be held to include foreign as well as domestic corporations. Defendants cite Chicago Law Review, vol. 1, p. 384, in which Professor Ballantine criticizes this section of the act because of its failure to provide a proper method for inspection of books and records of a foreign corporation. We are not

called upon to decide what an ideal section of the statute would have contained, but rather to construe the law as it was written for the purpose of ascertaining the intention of the legislature.

We entertain no doubt that it was the legislative intent to subject the class of corporations to which defendant company belongs, to the provisions of this section.

For the reasons above stated, the judgment is affirmed.

*Affirmed.*

McSURELY, P. J., and O'CONNOR, J., concur.