## I. Sidney Neiman, Appellee, v. Templeton, Kenly and Company, Ltd. et al., Appellants.

### Gen. No. 39,826.

46

Opinion filed February 28, 1938.

Charles E. Loy, of Chicago, for appellants.

Jacobson, Merrick, Nierman & Silbert, of Chicago, for appellee; David Silbert and Arthur Altschul, both of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Plaintiff filed his petition as a stockholder seeking a writ of mandamus to compel defendants to permit him to examine the books of Templeton, Kenly & Company,

Limited, a corporation; a motion to dismiss was made and denied and the court ordered the writ to issue. Defendants appeal.

The petition purported to be filed under the authority of sec. 45, ch. 32, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 32.045]. Defendants say that on the face of the petition it appears that plaintiff is not in the class of stockholders to which the statute grants the right to examine the books of a corporation.

The act gives this right to "Any person who shall have been a shareholder of record for at least six months immediately preceding his demand or who shall be the holder of record of at least five per cent of all the outstanding shares of a corporation." The petition was filed July 15, 1937. It alleged that about December 1, 1936, the petitioner became the owner of 56 shares of stock of defendant corporation; that on March 29, 1937, the corporation issued to him certificates of these shares of stock; that on June 24, 1937, he demanded and was refused permission to examine the books of defendant corporation. Defendants say that this shows on its face that petitioner was the owner of record of stock in defendant corporation only about three months before the demand was made, and therefore he does not come within the statutory qualification of one entitled to examine the books.

Under section 38 of the Corporation Act of 1919 the right to examine the books was given "each stockholder of a corporation" without any qualifications as to the length of time he had held stock, or the amount. This right to any stockholder, without restrictions, gave encouragement to unscrupulous persons to create a nuisance value for their stock. They would acquire a small amount of stock and at once demand the right to examine the books of the corporation, solely for the purpose of harassing and annoying its officers so as to force the purchase of their stock at considerable

profit. In order to curb these predatory actions the legislature in 1933, repealing the 1919 Corporation Act, inserted in section 45 giving the right of examination, words defining the class of stockholders entitled to this right. Ill. Business Corp. Act annotated 187. They should be record holders of stock for at least six months immediately preceding the demand, or holders of record of at least five per cent of the outstanding shares, and the object of the examination must be "for any proper purpose."

Counsel for plaintiff argue that the statutory qualifications of the stockholder are operative only when the petitioner asks for the imposition of the penalty prescribed in the latter part of the statute, which provides that if any officer or agent should refuse the demand of a shareholder to examine the books he should be liable to the shareholder in a penalty of 10 per cent of the value of the shares owned by such shareholder, in addition to any other damages or remedy afforded him by law. It is said that as the petitioner did not seek for the imposition of this penalty he was not required to bring himself within the qualifications of stockholders first described in the statute. There is nothing in the statute itself which indicates that the imposition of a penalty on the refusing corporation agents can be imposed only on the petition of those stockholders described in the act. There is no logical connection between the qualifications of the stockholder, prescribed in the act, and the collection of a penalty. The penalty is because of the refusal to permit the books to be examined and not because of the kind of stockholders requesting this. We hold that the qualifications of stockholders entitled to enforce their demands is definitely fixed by the statute without reference to or connection with the imposition of a penalty on the refusing corporation agents.

Plaintiff argues that to limit the right to examine the books to the class of stockholders described in the

statute is class legislation, and that to construe this statute in this manner is to declare it unconstitutional. The constitutionality of the statute is to be determined by the Supreme Court, but it has been recognized repeatedly as within the power of the legislature to classify persons so long as the classification is general and has some reasonable relation to the end sought. *Parker-Washington Co. v. Industrial Board,* 274 Ill. 498. Manifestly the instant statute was passed to prevent the abuses to which we have referred. The limitations of the time of holding stock or the amount, and that the demand must be for a proper purpose, are all reasonable limitations, tending to avoid unreasonable and improper demands.

Plaintiff cites *Miller v. Spanogle,* 275 Ill. App. 335, 340–343, as holding it is not necessary to allege in the petition the statutory requirements of a stockholder seeking to examine the books. There the petition seeking the writ of mandamus alleged that the petitioner is, and for five years last past has been, a stockholder in the company. The opinion, for the most part, discusses the averments of mismanagement of the corporation tending to support the allegation that the purpose of the demand was proper. The opinion contains a statement suggesting that, as this was not a proceeding to recover a penalty it was unnecessary for the petitioner to allege how long he had held stock or how much. But other language in the opinion indicates that the court considered the allegation that the petitioner had been a stockholder for five years past, as sufficient. *Wise v. Byllesby & Co.,* 285 Ill. App. 40, 45–47, involved a similar proceeding, where the petitioner alleged that for at least six months prior to the date of demand he was a stockholder in defendant corporation. The important question in issue was the purpose of the examination. It was argued that the Corporation Act gave the petitioner an absolute right to examine the books, citing the *Miller* case,

*supra.* We construed the opinion in that case as holding that the right of examination was not absolute and that the section of the statute had changed the law, as theretofore announced. We held that under the present statute, "the right of examination is not absolute but qualified and limited to the class of stockholders whose interests are such as described in the statute, and who desire an examination for a purpose which is not improper."

The latter part of the statute provides that, "nothing herein contained shall impair the power of any court of competent jurisdiction, upon proof by a shareholder of proper purpose, to compel by mandamus or otherwise the production. . . ." for examination of the books of the corporation. It is argued that this provision is a re-enactment of the common law right of any stockholder to examine the corporation's books and annuls the provisions of the statute describing the class of stockholders entitled to this right. In essence this argument is, that the legislature, having solemnly prescribed certain requirements, in the same section repealed them.

It has been held many times that in construing a statute effect must be given to every clause, if possible, and that construction should not be adopted which negatives any part of a statute if such construction can be avoided. *Consumers Co. v. Industrial Com.,* 364 Ill. 145.

This provision last quoted is virtually the same as the last clause of section 38 of the Corporation Act of 1919. At common law the right to the writ of mandamus was not unrestricted. The writ was not granted merely to gratify an idle curiosity in the examination of corporate records, "and unless there is some particular matter in dispute between members of the corporation, or between the corporation and its individual members, or some specific purpose for which the in-

spection is necessary, mandamus will not lie.'' High's Extraordinary Legal Remedies (3rd ed.), sec. 310. It was to remove these restrictions on the purposes of the examination that the provision in question was added to the section in prior statutes and in the enactment of 1933. *Stone v. Kellogg,* 165 Ill. 192, 205. The provision under consideration relates only to the object of the examination sought and not to the qualifications of the stockholders.

Plaintiff cites cases from other jurisdictions which are said to hold that the right of any stockholder to examine the books of a corporation is unrestricted and unlimited. The cases cited hardly go so far, but in any event we prefer to follow our judgment as expressed in the *Wise* case, that the right of examination is qualified and limited to the class of stockholders described in the statute. We are of the opinion the better reasoning supports this view.

We hold that the petition, in the respect indicated, did not comply with the statute.

It is the well settled rule that where the allegations for the writ of mandamus fail to show a legal right, the writ will be denied. *Quernheim v. Asselmeier,* 296 Ill. 494, 499.

The writ was awarded not only against the corporation and its officers but against Walter B. Templeton individually and F. W. Krickhan individually. This was improper. *People v. Mottinger,* 212 Ill. 530; *McMechan v. Yenter,* 301 Ill. 508, 512.

For the reasons indicated we hold that the motion to dismiss the petition should have been allowed. The judgment order is reversed and the cause is remanded with orders to grant defendants' motion to dismiss the petition.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.