Benjamin B. Morris, Appellee, v. Broadview, Inc. et al., Appellants.

Gen. No. 42,300.

Opinion filed January 25, 1943.   Rehearing denied February 9, 1943.

JONES, MULROY & STAUB, of Chicago, for appellants; DON KENNETH JONES and ERNEST F. STAUB, both of Chicago, of counsel.

BENJAMIN B. MORRIS, *pro se.*

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought this mandamus suit to compel defendants to permit him, as a holder of participating certificates in the Broadview, Inc., to examine its books and records and its list of shareholders. This was sought under section 45 of the Corporations Act, as amended July 21, 1941 (ch. 32, par. 157.45, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 32.045]). Defendants answered, and after hearing the court ordered the writ, from which defendants appeal.

Section 45 of the statute provides that any person who shall have been a shareholder for at least six months immediately preceding his demand, shall have the right to examine the books and the record of shareholders; that this right must be exercised at a reasonable time, "for any proper purpose."

Defendants say that plaintiff was afforded the opportunity of examining the books and records but not to make a list of the holders of participation certifi-

cates, and argue that his motive in making this list was not "for any proper purpose."

Upon the hearing plaintiff introduced in evidence his participation certificates and copies of the demands served upon the defendants, with the provision of the trust agreement under which the certificates were issued which provides that holders of such certificates shall have the same rights with respect to examination of the books and records as are provided for shareholders of a corporation organized under the laws of Illinois.

In his complaint plaintiff alleged that his purpose in demanding that he be allowed to examine the books and records and list of shareholders was proper. Defendants argue that although plaintiff had alleged that his demands were "proper and lawful," he offered no evidence as to his purpose. The trial court took the position that the burden was on the defendants to prove that plaintiff's purpose was improper, and that they had failed in this respect.

The statute in question creates two classes of persons who have the right to examine the records of the corporation. The first is a person who shall have been a shareholder for at least six months immediately preceding his demand or the holder of at least 5 per cent of the outstanding shares, and demanding to examine the books and records for "any proper purpose." Plaintiff is in this class. The second class of shareholders includes anyone who, irrespective of the period of time he shall have been a shareholder, and irrespective of the number of shares held, may compel by mandamus the examination of the books and list of shareholders, and conditioned "upon proof by a shareholder of proper purpose" in making such demand. A reasonable construction of this statute would seem to be that any shareholder, regardless of the number of shares held or the period of time, must make proof of a proper purpose in asking for an examination of

the books and records of the corporation, but that a shareholder qualified as to the period of time he has been a shareholder or where he owns 5 per cent or more of the shares may make such demand without being called upon first to make proof that his demand is for a proper purpose. Tending to support this construction of the act is the opinion in *Miller v. Spanogle,* 275 Ill. App. 335, which involved an appeal from an order awarding the writ of mandamus to compel defendant to permit petitioner to examine its books, etc. The opinion there quotes from 14 C. J. 862, sec. 1317, to the effect that the burden of proving that the purpose of the stockholder seeking inspection is improper is on the corporation alleging it, there being no presumption that the purpose is improper. And in Fletcher Cyc. Corp. (1st Ed.), sec. 2822, page 4103, the author says there is no presumption of bad motive of a shareholder seeking information. The opinion held that it was not necessary for the petitioner to allege facts showing that his purpose in seeking to inspect the records was proper. In *Wise v. H. M. Byllesby & Co.,* 285 Ill. App. 40, a mandamus proceeding in which the writ was awarded, it appears from the opinion that the answer of the defendants, as here, denied that the purposes of the petitioner in seeking an examination of the records were proper. The court held that although petitioner ''perhaps . . . was not required so to do,'' he had assumed the burden of proof and established a prima facie case. Defendants cite *Neiman v. Templeton, Kenly & Co., Ltd.,* 294 Ill. App. 45, but in that case the petitioner had not been a stockholder a sufficient length of time to entitle him to examine the records without proof of his purposes.

In the present case defendants have not only offered to permit plaintiff to inspect its books and records, but also offered to mail to other stockholders such communications as met with the approval of defendants' officers. This would seem to be an admission that

plaintiff's purposes were proper. This is not consistent with the claim of defendants that plaintiff must prove his right to the matters sought by him.

We are of the opinion that the evidence introduced by defendants to show that plaintiff's purposes were not proper failed in this respect. It consists largely of statements by other attorneys said to have been made to them by plaintiff with reference to certain other buildings and transactions relating to them. These fall short of proof that plaintiff had an improper purpose in its demands in the instant case.

Plaintiff testified as a witness in the case but defendants did not cross-examine him. If they had substantial ground for questioning plaintiff's motives they should have attempted to develop this when opportunity was afforded them to interrogate him. This was an added circumstance tending to support plaintiff's position of proper motives.

We are of the opinion the writ was properly awarded.

Plaintiff asks this court to dismiss this appeal as to the defendant Chicago Title and Trust Company. Apparently this is a renewal of the motion heretofore made and denied by this court. Plaintiff says the writ of mandamus does not run against this company and that long before the record upon appeal was filed in this court, on plaintiff's motion the complaint was dismissed as against the Chicago Title and Trust Company. Under such circumstances it is ordered that the appeal as to that company is dismissed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.