Kinkade, J.
 

 The same principle is in each and all of these cases, and they will he disposed of in one opinion. They involve the right of stockholders to inspect, and take copies thereof, all books, records, papers, contracts, and other written documents, and to inspect all assets of every kind belonging to the corporation. The defendants in error claim the right so to do at any reasonable time. The plaintiffs in error respectively deny the existence of the right in all cases where the corporation has furnished to its stockholders from its books at reasonable intervals full statements of all the business and the financial status of the corporation at such times, and further contend that no such inspection in any event could rightfully be demanded by any stockholder, unless such demand were accompanied by a full showing that such inspection was not desired for “unreasonable or improper purposes.”
 

 The requests for inspection were all refused. These actions in mandamus followed. The trial courts ordered the corporations to permit the inspections. The Court of Appeals affirmed the judgments of the trial courts. The corporations prosecute error to this court.
 

 The record is slightly different in each of two of the cases from the record in each of the other six, but the real issue is the same in all.
 

 
 *584
 
 The statute involved is Section 8623-63, General Code (112 Ohio Laws, 34), which reads as follows:
 

 “Every corporation shall keep and maintain adequate and correct accounts of its business transactions including accounts of its assets, liabilities, receipts, disbursements, gains, losses, stated capital and shares, together with such particular accounts as are required by this act.
 

 “The books of account, lists of shareholders, voting trust agreements, if any, and the minutes of meetings of every corporation shall be open to the inspection of every shareholder at all reasonable times save and except for unreasonable or improper purposes.”
 

 Prior to the enactment of the above section, the pertinent part of the statute (Section 8673, General Code) relating to the same subject read as follows:
 

 “The books and records of such corporation at all reasonable times shall be open to the inspection of every stockholder.”
 

 Under the law as last quoted this court rendered the decision in the case of
 
 American Mortgage Co.
 
 v.
 
 Rosenbaum,
 
 114 Ohio St., 231, 151 N. E., 122, 59 A. L. R., 1368.
 

 It is the claim of plaintiffs in error that the Legislature by adding to the former section the words, “save and except for unreasonable or improper purposes,” has thereby greatly restricted the right of the stockholder to inspect, and that the Legislature did this because it was not content with the rule as laid down by this court in the
 
 Rosenbaum case,
 
 and wished to place a further definite restriction upon the stockholder, and to make it a condition precedent, eliminating any possible construction that a pre
 
 *585
 
 sumption of good faith, in the absence of evidence to the contrary, would attend such request for inspection by the stockholder, and casting upon the stockholder the burden of establishing the fact, as a part of his request for inspection, that the same was not desired for “unreasonable or improper purposes.”
 

 We are quite unable to find any such intent on the part of the Legislature as that contended for by counsel for plaintiffs in error. The Legislature has simply expressed in the amendment the rule as laid down by this court in the
 
 Rosenbaum ease.
 
 We see no occasion to modify the decision in that case in any respect.
 

 It is quite important that a few plain fundamentals, which are by no means new, be kept in mind, for by so doing these cases may be very properly and very easily disposed of.
 

 There is not a shadow of doubt about who owns the property of every kind that is possessed by a body corporate. The real owners of all the net assets of any corporation are the stockholders. The first property acquired by any newly formed corporation is the cash paid in by subscribers to capital stock. If the corporation abandons the purposes of its creation and dissolves the corporation, the net assets on hand must be distributed to the stockholders according to their holdings of stock, for the plain and very simple reason that the stockholders are the owners of all the net assets of the corporation, and for the further reason that outstanding stock is always a liability of the corporation, so that the stockholders are its creditors as well.
 

 Can anything be plainer than the fact that the
 
 *586
 
 owner of property has a clear right to inspect his own property? When the owner of property selects an agent or agents to care for and manage his property, how can that act be held to clothe the agent with power to manage the owner as well as to manage the property, and to prevent the owner from even looking at his own property except he do so pursuant to the rules and restrictions promulgated by the agent, who is wholly without power or authority to formulate any such rules or regulations ? Are we to forget and abandon all the law pertaining to the relation of principal and agent? True, a body corporate must act through agents, simply because it cannot function in any other manner. It must, however, be kept in mind that the stockholders formulate and adopt the code of regulations which governs the directors and agents of the corporation. The stockholders elect the board of directors, and when we seek the source of any power exercised by the directors, or any other agent of the corporation, we trace it at once to the stockholders. If the acts of the stockholders touching the assets and business affairs of the corporation are not attended by a presumption of good faith and honesty of purpose, wherein shall we discover the good faith and honesty of purpose of the directors and other agents of the corporation, who are so ready to impute dishonesty and bad faith to their principals and employers ? It is really somewhat difficult to consider with patience a proposition that is so at variance with the law applicable to the relation of principal and agent and master and servant.
 

 The stockholder is not obliged to accept as 100 per cent, correct statements prepared by the agents of
 
 *587
 
 the corporation. The stockholder may suspect mismanagement by reason of lack of dividends, or by reason of many other acts of omission or commission which he observes on the part of the agents of the corporation. A refusal of permission to inspect at reasonable times may itself justly excite a suspicion of unfaithful or inefficient service on the part of the agent. The stockholder may want to check up the cash and securities represented by the books as on hand, in order to see for himself that what the books show as being on hand is in fact on hand. "When the stockholder is asking the right to inspect the corporate books, records, papers, and documents, or the corporate property, such request is attended by a presumption of good faith and honesty of purpose until the contrary is made to appear by evidence produced by the officers or agents who are seeking to defeat such inspection. The burden of proof on this question should not be borne by the stockholder, but should be borne by the agents or officers objecting to the inspection.
 

 It follows, from what has been said, that the judgments of the trial and appellate courts must be affirmed.
 

 Judgments affirmed.
 

 Robinson, Jones, Matthias, Day and Allen, JJ., concur.