**THE ESTATE OF CORY BISHOP, Deceased,
ETHEL MAY BISHOP, Administrator C.T.A., Appellee**

v.

**ANTILLES ENTERPRISES, INC., Appellant**

No. 12330

United States Court of Appeals
Third Circuit

Argued January 28, 1958

Decided February 27, 1958

*See, also, 252 F.2d 498*

W. W. BAILEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

CROXTON WILLIAMS, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, MAGRUDER and STALEY, *Circuit Judges*

MARIS, *Circuit Judge*

This is an appeal by the respondent corporation, Antilles Enterprises, Inc., from an order[1] entered by the District Court of the Virgin Islands on July 3, 1957 directing the respondent to make available its books and records and those of all other corporations owned by it for inspection and copying by the petitioner Ethel May Bishop, administratrix c.t.a. of the Estate of Cory Bishop, a deceased stockholder of the respondent corporation. In support of its

[1] The order was entered under the authority of sections 2 and 3, chapter 53, Title III, Code of Laws of St. Thomas and St. John (1921) as modified by Rule 81(b) of the Federal Rules of Civil Procedure, 28 U.S.C. The authority for such an order is now to be found in 5 V.I.C. § 1361(a).

appeal the respondent corporation asserts that the petitioner is not entitled to inspection of its books and that the order for inspection was broader than was permissible under the applicable statute[2] in force at the time the order was entered.

Cory Bishop was one of three stockholders of the respondent corporation, the others being Charles Redfield Vose and David Jenckes, who it is alleged on June 12, 1954 entered into an agreement with respect to their stock holdings under which, among other things, it was agreed that in case of the death of Bishop or Jenckes, Vose and the other survivor, or Vose alone if the other survivor refused, should have the right to purchase the decedent's stock from his estate at book value but with no allowance for good will. Bishop died on September 17, 1956, his widow, Ethel May Bishop, being subsequently appointed the administratrix c.t.a. of his estate, and thereafter Vose filed a claim against the estate asserting the right to purchase, pursuant to the agreement, all of the decedent's stock in the respondent corporation, which stock Vose claimed was worthless and for which he tendered only $1 in payment. It appears that the Vose claim is still pending and undetermined and that the Bishop stock has not as yet been transferred by the petitioner nor has the amount of the purchase price been determined or paid. Indeed it appears that it is, at least in part, for the purpose of enabling her to ascertain the book value of the stock and thereby to determine the amount of the purchase price that the petitioner sought and obtained the order here under review.

■ The respondent's contention that the petitioner does not have the right of inspection is apparently based upon the theory that, by virtue of the agreement between the stockholders, title to and ownership of Bishop's stock had passed to Vose from the decedent's estate immediately

[2]Section 20, chapter 26, Title II, Code of Laws of St. Thomas and St. John (1921; 13 V.I.C. § 189).

upon the election of the latter to purchase it. But assuming, without deciding, that the election vested in Vose the right to have the stock transferred to him upon payment of the purchase price it did not divest the petitioner as administratrix c.t.a. of Bishop's estate of legal title to the shares or of the rights of a stockholder. Assuming that the agreement was valid and binding, a question with which we do not deal on this appeal, the petitioner's right as the administratrix of a deceased stockholder to have access to the books and records of the corporation certainly will continue at least until after the proper amount of the purchase price has been authoritatively determined and has been paid. Until then it is obvious that the petitioner has a very real interest in securing accurate information as to the state of the respondent corporation's accounts, as well as those of its subsidiaries, and indeed has a duty, as a fiduciary, to secure that information.

■ ■ The respondent does not attempt to dispute the rule which is settled at common law that a stockholder is entitled to inspect the corporate books and records at a proper time and place and for a proper purpose.[3] Nor does it assert that the time and place fixed by the order of the District Court were not proper. We think it is equally clear that the petitioner's purpose in seeking an inspection of the corporation's books was a proper purpose. Certainly nothing could be more proper than for an administratrix of an estate holding stock in a corporation to seek information as to the book value of the stock particularly if it is subject to an outstanding agreement of purchase at its book value by other stockholders. To require an administratrix under such circumstances to accept the statement

[3]Guthrie v. Harkness, 1905, 199 U.S. 148, 26 S. Ct. 4, 50 L. Ed. 130; Feick v. Hill Bread Co., 1918, 91 N.J.L. 486, 103 Atl. 813, affirmed 92 N.J.L. 513, 105 Atl. 725. See also 18 C.J.S. Corporations §§ 499-508; 13 Am Jur. Corporations §§ 432-436; 5 Fletcher, Cyclopedia of the Law of Private Corporations, 1952, §§ 2213, 2214; 1 Prentice-Hall Corporation Service, ¶ 1901; Annotations, 22 A.L.R. 25; 43 A.L.R. 784; 59 A.L.R. 1375; 80 A.L.R. 1503; 174 A.L.R. 265; 15 A.L.R.2d 14.

of the purchasing stockholders as to the book value of the stock without affording her an opportunity to verify their statement by inspection of the books themselves is hardly a proposal designed to appeal to a court of justice. Moreover, if it should be determined by the District Court that the agreement for the purchase of Bishop's stock is not valid or binding upon his estate the petitioner as present holder of the stock for purposes of administration would be equally entitled to have full information as to the state of the corporate books and records in order that she may properly proceed with the administration of the estate. We find the respondent's contention that the petitioner does not have standing to demand inspection to be wholly without merit.

■■ The respondent's contention that the order under review is too broad is equally without merit. This contention is based upon its argument that the order is broader than is authorized by the local statute. But it is generally held that statutory provisions securing to stockholders the right to inspect books and records are to be regarded as supplemental to the common law right to such inspection and not as a restriction upon it.[4] This is the rule in the Virgin Islands.[5] Accordingly since the order appealed from does no more than grant to the petitioner her common law

[4] In re Steinway, 1899, 159 N.Y. 250, 53 N.E. 1103, 45 L.R.A. 461; Soreno Hotel Co. v. State ex rel. Otis Elevator Co., 1932, 107 Fla. 195, 144 So. 339 ; State ex rel. Boldt v. St. Cloud Milk Producers' Ass'n, 1937, 200 Minn. 1, 273 N.W. 603; State ex rel. Grismer v. Merger Mines Corporation, 1940, 3 Wash. 2d 417, 101 P.2d 308; Loveman v. Tutwiler Inv. Co., 1941, 240 Ala. 424, 199 So. 854. See also 18 C.J.S. Corporations § 502; 13 Am. Jur. Corporations § 434; 5 Fletcher, Cyclopedia of the Law of Private Corporations, 1952, §§ 2215.1, 2220; Annotations, 22 A.L.R. 31; 43 A.L.R. 784; 59 A.L.R. 1375; 174 A.L.R. 269.

[5] See the Revision Note to 13 V.I.C. § 73 in which it is stated:

"Requirement that the corporate books which formerly had to be maintained within the Virgin Islands, must be available to stockholders on five days request therefore has been omitted as conferring too absolute a right upon stockholders to delve into corporate affairs. This omission leaves the stockholder to his common-law right to inspect the corporate books, which right is restricted to requests made in good faith, for a specific purpose, and which are reasonably related to his interests as a stockholder."

right of inspection the provisions of the local statute need not be considered further.

The order of the District Court will be affirmed.