**ETHEL MAY BISHOP, ADMINISTRATRIX C.T.A.**
**of the Estate of**
**CORY BISHOP, Deceased,**
**Petitioner**
**v.**
**ESTATE OF C. R. VOSE, Deceased, ALFRED M. SCHAFFER,**
**et al., Executors, Respondents**

Civil No. 231 — 1957

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 2, 1958

*See, also, 162 F. Supp. 92*

CROXTON WILLIAMS, ESQ., Charlotte Amalie, Virgin Islands, *for petitioner*

WILLIAM W. BAILEY, ESQ., Charlotte Amalie, Virgin Islands, *for respondents*

MARIS, *Circuit Judge*

Ethel May Bishop, administratrix c.t.a. of the Estate of Cory Bishop, deceased, has petitioned the court for an order extending her time for exercising an option to purchase the stock of the late Charles Redfield Vose in Antilles Enterprises, Inc. The option is said to have been given by a stockholders agreement. The respondent executors of the Estate of Charles Redfield Vose, deceased, have filed an answer admitting the agreement but denying that either Bishop at the time of his death had or the petitioner as his administratrix now has any right or option thereunder to purchase Vose's stock. The stockholders agreement out of which the controversy arises was executed June 12, 1954 between Charles Redfield Vose, Cory Bishop, David Jenckes and Antilles Enterprises, Inc., a Virgin Islands corporation. Its pertinent provisions are as follows:

"1. The Corporation has been organized in the Virgin Islands for One Hundred (100) shares of common stock at One Hundred ($100.00) Dollars per share. Title in both aforesaid property in St. Thomas and St. John ventures are to be put in the Corporation which will assume the mortgages thereon, and the debt for

all moneys advanced by Vose is to be owned and the stock issued in following proportions:

| "Vose | 50 Shares |
|-------|-----------|
| "Bishop | 35 Shares |
| "Jenckes | 15 Shares |
| "Total | 100 Shares |

"The consideration for the issuance of all shares shall be the transfer of all interests in Estates Rustenberg, Beverhoudtsberg, Guinea Gut and Sans Souci (St. John) to the Corporation and the transfer by Bishop to the Corporation of the $50,000 paid by Vose for his interest in the aforementioned estates. Bishop and Jenckes are immediately to endorse their certificates for their shares and deliver same to Vose to hold until Vose is repaid his advances, when the stock is to be redelivered to them. Meanwhile, they have the right to vote on stock, but all dividends, if any, are to be applied to reduction of debt due Vose. Any salaries to be paid shall be reasonable and approved by the parties hereto. Accountings shall be rendered to Vose of corporate activities and finances at least every three months.

"2. The stockholders agree that so long as they are alive, each shall not without consent of all otherwise encumber or dispose of the stock he now owns; or may hereafter acquire, except he may transfer all or part as gift to or for benefit of wife or other member of his direct family, who shall hold it subject to terms of this agreement. No stockholder may sell his stock until indebtedness to Vose has been paid off, except with his written consent, and all certificates of stock of the Corporation owned by stockholders shall be endorsed with following statement:

" 'The shares of stock represented by this certificate are subject to the terms of an agreement between the stockholders and corporation dated November 25, 1953, a copy of which has been filed at the Office of the Corporation.'

\* \* \*

"4. In the event of death of Vose, the survivors, together, or by the other if one refuses, shall have the right to purchase from Vose Estate, his stock at a price which shall be the unpaid amount of moneys advanced by him, plus Vose's share of un-

distributed actually realized profits of Corporation up to time of his death, to be calculated by book value on said date.

"Payment for Vose stock shall be made by paying ten (10%) percent on the exercise of the option and within six (6) months after qualification of personal representative of Vose, and the balance of ninety (90%) percent by three (3) notes for thirty (30) percent each, with interest, one for each of three (3) successive years. While not in default, the purchasers shall have voting and dividend rights, and on full payment shall receive back their stock if then in the hands of Vose or his Estate plus all of Vose stock duly endorsed for transfer. Purchasers have privilege of prepayment of unpaid amounts on Thirty (30) days written notice. In the event said option is not exercised against Vose Estate, the Corporation shall have a maximum of five (5) years to pay all of said debt; notwithstanding the provisions of Paragraph Five (5) hereof.

"In case of death of either Bishop or Jencks, Vose and other survivor, together, or the other if one refuses, shall have the right to purchase from decedent's estate, his stock at book value, but no allowance for good will, payments to be made one-quarter (¼) on exercise of the option to purchase and within six (6) months from qualification of deceased's representatives, and by three (3) notes for balance, one for each of three (3) successive years with interest, and with privilege of prepayment. While not in default, purchaser shall have voting and dividend rights, and on full payment, shall receive decedent's stock duly endorsed for transfer.

\* \* \*

"7. This agreement shall be binding upon and shall operate for the benefit of the stockholders and their respective executors, administrators, successors and assigns."

The other significant facts are that Bishop died on September 17, 1956, the first of the three individual signatories to the agreement to die, that Vose signified his intention to purchase the stock of the corporation owned by Bishop at his death by filing a claim therefor in this court in the Estate of Cory Bishop, deceased, Probate No. 33 - 1956, Division of St. Thomas and St. John, on January 24, 1957, and that Vose died on July 10, 1957.

The petitioner asserts that by virtue of paragraph 7 of the stockholders agreement she, as Bishop's administratrix, is entitled to exercise the right which was given to Bishop and Jenckes[1] by paragraph 4 thereof to purchase Vose's stock upon his death and that she cannot exercise her option to do so until she has been afforded an opportunity to inspect the books of the Corporation, a right to which she has been held to be entitled, Bishop's Estate v. Antilles Enterprises, Inc., 3 Cir., 1958 (3 V.I. 636), 252 F.2d 498, but which she has not yet been able to exercise. She accordingly asks the court to extend until after she has had an opportunity to exercise that right the period of six months fixed by paragraph 4 of the agreement for the exercise of the option.

I need not consider the power of the court thus to change this term of the agreement, however, since I am satisfied that the petitioner is not entitled under the agreement to exercise the option given by paragraph 4 to her decedent, Bishop, to purchase Vose's stock upon his death. I shall state my reasons for reaching this conclusion.

The intention of the parties, as I gather it from the four corners of their agreement, was that the options given by paragraph 4 to purchase the stock of a deceased member of the trio of stockholders were to be personal rights running to the two surviving stockholders as individuals and to them only. The purpose clearly was to enable the survivors of the trio of stockholders who had launched the corporation, or one of them, to continue the enterprise, which together the three of them had begun, by acquiring all the corporate stock. There is nothing to indicate that the parties intended that these particular rights should pass to executors, administrators or assigns under the general language of paragraph 7 and I conclude that they did not so pass to the petitioner as Bishop's administratrix.

[1] It was stated at bar that Jenckes is no longer a stockholder of the Corporation.

319

Moreover it is clear from the agreement that upon the death of Bishop, the first of the trio to die, the right to purchase his stock, and any stock which he may have transferred to the petitioner as his wife as permitted by paragraph 2, became vested in Vose and Jenckes. That right was actually exercised by Vose in writing on January 24, 1957 when he filed in this court in Bishop's Estate his claim to purchase the stock. True Vose's purchase of the stock was not then completed since the amount of the purchase price was disputed and has not yet been determined. But the exercise by Vose of his option to purchase Bishop's stock, as appears to be his right under the agreement, effectively eliminated any possibility of the subsequent existence of an option in the petitioner to purchase Vose's stock upon his later death. Any other construction of the option provisions of the agreement would produce an absurd result, placing the parties upon a merry-go-round of successive options which would never end.

The petition will be denied.