# 554

485 P.2d 277

**STATE TAX COMMISSION of Arizona,**
Appellant,

v.

**MARCUS J. LAWRENCE MEMORIAL
HOSPITAL et al., Appellees.**

**No. I CA–CIV 1445.**

Court of Appeals of Arizona,
Division 1,
Department A.

May 24, 1971.

Rehearing Denied June 23, 1971.
Review Granted Sept. 28, 1971.

Gary K. Nelson, Atty. Gen., by Leonard M. Bell, Asst. Atty. Gen., Phoenix, for appellant.

Snell & Wilmer, by Edward Jacobson, Phoenix, for Arizona Public Service Company.

Lewis & Roca, by Walter Cheifetz, John P. Frank and P. Robert Moya, Phoenix, for appellees Hospitals.

Evans, Kitchel & Jenckes, by G. Starr Rounds, Phoenix, for Southern Union Gas Company.

CASE, Judge.

This appeal requires us to decide whether hospitals, organized and operated exclusively for charitable purposes or those operated by the state or any political subdivision thereof are exempted by Section 42–1321, subsec. A, par. 5, A.R.S., from paying the transaction privilege taxes authorized by Sections 42–1310, 42–1361, 42–1362 and 42–1371, 42–1372, A.R.S., in regard to their purchase of electricity, water and gas.

Plaintiffs brought a declaratory judgment action against the utilities with the State Tax Commission being the real party in interest since the utilities were required to collect the taxes from plaintiffs and then pay the same to the State Tax Commission. Prior to trial the parties stipulated that the plaintiffs were tax exempt hospitals within the meaning of Section 42–1321, subsec. A, par. 5, A.R.S.; that the sole question for determination was whether the words "[a]ll personal property" as used in Section 42–1321, subsec. A, par. 5, A.R.S., included electricity, gas and water; that no interest shall be charged on any amounts refunded and that beginning September, 1969, the plaintiffs would pay the defendant utilities, acting as stakeholders, the taxes under protest and upon termination of the action the utilities would pay such funds to the parties as the court directed. At the trial, plaintiffs rested on their memorandum of law and defendant introduced the testimony of two witnesses. The trial court thereafter ruled in favor of the plaintiffs. This appeal is taken from the trial court's judgment and denial of defendant State Tax Commission's motion for a new trial.

In reviewing the trial court's judgment as to a question of law, we are not bound by that court's conclusions of law but are free to draw our own conclusions from the evidence presented. Tovrea Land And Cattle Company v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47 (1966); Guirey, Srnka and Arnold, Architects v. City of Phoenix, 9 Ariz.App. 70, 449 P.2d 306 (1969).

The pertinent portions of the applicable statutes are as follows:

"§ 42–1310. Mining; timber; public utilities and carriers; contractors; newspapers and printing

The tax imposed by subsection A of § 42–1309 shall be levied and collected at the following rates:

\* \* \* \* \* \*

2. At an amount equal to one per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:

\* \* \* \* \* \*

(b) Producing and furnishing, or furnishing to consumers, electricity, electric lights, current, power or gas, natural or artificial, and water, except electrical or thermal energy sold to distributors."

"§ 42–1361. Levy of tax

A. There is levied and shall be collected by the commission an annual tax:

1. On the privilege of doing business in this state, measured by the amount or volume of business transacted by persons on account of their business activities, and in the amounts to be determined by the application, against values, gross proceeds of sales, or gross income, as the case may be, in accordance with the provisions and schedules as set forth in title 42, chapter 8, article 1, at rates equal to fifty per cent of the rates imposed in said article.

2. On the storage, use or consumption in this state of tangible personal property subject to the tax prescribed by title 42, chapter 8, article 2, and purchased on and after July 1, 1959, at a rate equal to fifty per cent of the rate imposed in said article.

B. The tax levied and collected under the terms of this article is designated as the 'education excise tax'."

"§ 42–1371.  Levy of tax

A.  There is levied and shall be collected by the commission an annual tax on the privilege of doing business in this state at a rate of one and one-half per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses:

\* \* \* \* \* \*

2.  Producing and furnishing, or furnishing to consumers, electricity, electric lights, current, power or gas, natural or artificial, and water, except electrical or thermal energy sold to distributors."

"§ 42–1321.  Exemptions

A.  This article shall not apply to:

\* \* \* \* \* \*

5.  All personal property purchased in this state by any hospital organized and operated exclusively for charitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, or operated by the state or any political subdivision of this state."

■ The State Tax Commission claims that the electricity, gas and water are not personal property since in the original transaction privilege tax, Ch. 90, [1933] Ariz.Sess.Laws 357,[1] the Legislature provided separate sections for tangible personal property and the furnishing of electricity, gas and water while taxing both at the same rate.  This argument would have some validity if the exemption in Section 42–1321, A.R.S., were to all tangible personal property instead of all personal property.  The exemption as amended in 1962 reads:

"5.  Tangible personal property purchased in this state by any hospital organized and operated exclusively for charitable purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual."  Ch. 64, § 1, [1962] Ariz.Sess.Laws 103.

1. The original tax act was found unconstitutional in Cox v. Stults Eagle Drug Co., 42 Ariz. 1, 21 P.2d 914 (1933), overruled

In 1967 the section was amended to read the same as set out above in 42–1321, subsec. A, par. 5.  Ch. 2, § 2, [1967] Ariz. Sess.Laws 3rd Spec.Sess. 896.  The 1970 amendment to this section, Ch. 34, § 3, [1970], Ariz.Sess.Laws 44, did not alter subsection A, par. 5.  Thus, in 1967, the Legislature removed the word *tangible* and in substance enlarged the exemption to all tangible and intangible personal property. Accordingly, the State Tax Commission's argument that electricity, gas and water are not tangible personal property is not well taken.

■ Personal property is defined in Title 42 as including property of every kind, both tangible and intangible, not included in the term real estate.  Section 42–201, subsec. 8, A.R.S.  Real estate is defined as including the ownership of, claim to, possession of or right of possession to, lands or patented mines.  Section 42–201, subsec. 10, A.R.S.  Thus, since electricity, gas and water processed and held by defendant service companies for sale does not fall within the definition of "real estate" it must be personal property if it is in fact property.

Our Supreme Court in In Re Forsstrom, 44 Ariz. 472, 480–481, 38 P.2d 878, 882 (1934), overruled in other particulars in County of Mohave v. Chamberlin, 78 Ariz. 422, 281 P.2d 128 (1955) and State ex rel. Morrison v. Thelberg, 87 Ariz. 318, 350 P. 2d 988 (1960), discussed the definition of property as follows:

" 'Property is entirely the creature of the law. \* \* \* There is no form, or color, or visible trace, by which it is possible to express the relation which constitutes property.  It belongs not to physics, but to metaphysics; it is altogether a creature of the mind.'  Bentham Works, ed. 1843, vol. 1, p. 308.

" '\* \* \* Property itself, in a legal sense, is nothing more than the "exclusive right of possessing, enjoying, and disposing of a thing." \* \* \*'  Chicago

in State ex rel. LaPrade v. Cox, 43 Ariz. 174, 30 P.2d 825 (1934).  The reasoning in both opinions is not pertinent herein.

& Western etc. R. R. Co. v. Englewood, etc. Co., 115 Ill. 375, 4 N.E. 246, 249, 56 Am.Rep. 173.

" 'Property, in its broader and more appropriate sense, is not alone the chattel or the land itself, but the right to freely possess, use, and alienate the same; and many things are considered property which have no tangible existence, but which are necessary to the satisfactory use and enjoyment of that which is tangible.' City of Denver v. Bayer, 7 Colo. 113, 2 P. 6.

" 'It is used in the constitution in a comprehensive and unlimited sense, and so it must be construed. * * * It need not be any physical or tangible property which is subjected to a tangible invasion. * * * The right to light and air and access is equally property. * * *' State ex rel. Smith v. Superior Court, 26 Wash. 278, 66 P. 385, 388.

"We think that 'property' may well be defined as the right to the possession, use and disposition of things in such manner as is not inconsistent with law."

We find that electricity, water and gas are property under the above definition and accordingly personal property as the term is used in Section 42–1321, subsec. A, par. 5, A.R.S.

The State Tax Commission also urges error in the failure of the trial court to rule on its objection to the admissibility of an affidavit filed by appellees. The affidavit attached to the appellees' memorandum of law was that of a member of the Legislature during the 1967 3rd special session when the amendment to Section 42–1321 A.R.S. removing the word tangible was passed. The affidavit was objected to on the grounds that it was introduced to show the legislative intent of the amendment. An affidavit with such information is of course improper. Barlow v. Jones, 37 Ariz. 396, 294 P. 1106 (1930); Tucson Gas & Electric Company v. Schantz, 5 Ariz. App. 511, 428 P.2d 686 (1967). Equally true is the proposition that a court sitting as the trier of fact will be presumed to ig-

nore inadmissible evidence and its judgment will be affirmed if there is sufficient admissible evidence to sustain it. Murphy v. Yeast, 59 Ariz. 281, 126 P.2d 313 (1942); Norvelle v. Lucas, 3 Ariz.App. 464, 415 P.2d 478 (1966). In the instant case we find sufficient evidence other than the affidavit to support the trial court's opinion. Moreover, the appellees never controverted the Commission's motion to strike, never attempted to introduce the affidavit into evidence and the trial court's minute entry of judgment indicates its decision was based on the pleadings, exhibits, memorandums and stipulation specifically deleting any reference to affidavits, which indicates that it was not considered by the court in arriving at its decision. Accordingly we find no error.

Affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.