495 P.2d 129

**STATE TAX COMMISSION OF
ARIZONA, Appellant,**

v.

**MARCUS J. LAWRENCE MEMORIAL
HOSPITAL et al., Appellees.**

**No. 10575–PR.**

Supreme Court of Arizona,
In Banc.

March 23, 1972.

Gary K. Nelson, Atty. Gen., by Leonard M. Bell, Asst. Atty. Gen., Phoenix, for appellant.

Lewis & Roca by Walter Cheifetz, Phoenix, for appellees.

STRUCKMEYER, Justice.

This case is before us on a petition for review of an opinion of the Court of Appeals, 14 Ariz.App. 554, 485 P.2d 277, affirming a judgment of the Superior Court. Opinion of the Court of Appeals vacated.

The principal appellees are tax exempt, charitable and government-operated hospitals. They paid transaction privilege taxes to utility companies on the purchase of gas, electricity and water under protest and then brought this action for declaratory judgment against appellant Tax Commission to establish their rights to refunds. The Superior Court declared that the hospitals were exempt from the imposition of the taxes, and the Tax Commission appealed.

A.R.S. § 42–1321, subsec. A, par. 5, reads in its applicable parts:

*"Deductions*

A. This article shall not apply to:

5. All personal property purchased in this state by any hospital organized and operated exclusively for charitable purposes * * *."

The sole question to be determined is whether the language "All personal property" includes electricity, gas and water purchased by the hospitals.

To understand the Tax Commission's position, it is necessary to examine somewhat in detail legislative acts which preceded the present transaction privilege tax statutes.

The Eleventh Legislature in 1933, by Chapter 90, House Bill 146, enacted Arizona's first transaction privilege tax. It contained, *inter alia,* the following sections:

"Sec. 2. * * * there is hereby levied * * * annual privilege taxes, measured by the amount or volume of business done, * * * :

Sec. 2–c. Upon every person engaging * * * in the business of selling any tangible personal property * * * two percent of the gross proceeds of sales * * *.

Sec. 2–d. Upon every person engaged * * * in the business of furnishing to consumers, for profit, electricity * * *, or gas, * * * one-half of one percent of the gross income of such business * * *."

Although this Act was declared unconstitutional because of procedural defects in its passage, it was re-enacted with only minor changes in June of 1933 by the Legislature called into special session. Laws of 1933, First Special Session, Chapter 17.

It will be noticed that the Act imposed the tax on the person who engaged in the business of furnishing electricity and gas. Procedurally, consumers are billed for their utilities with the tax shown as a separate item on the billing, and the tax is collected by the utility, which then remits to the State Tax Commission.

It will also be noticed that the Legislature, in 2–c, taxed the selling of tangible personal property at a different rate from the furnishing of electricity and gas, in 2–d. From this, the Tax Commission argues that the Legislature did not intend sales of electricity, gas and water to be sales of tangible personal property. We do not think the Tax Commission's conclusion necessarily follows. The Legislature could have believed that the furnishing of electricity and gas for profit was the selling of tangible personal property, but that these particular items of tangible personal property, because of their peculiarly unique characteristics, should be taxed at a different rate.

In 1935, by Chapter 77 of the Session Laws of 1935, the Legislature substantially amended the 1933 Act. Among other things, it, by § 2(c), (2), added water to the taxable articles.

By Chapter 2, section 1, of the Laws of 1937, First Special Session, the Legislature for the first time defined tangible personal property as:

" '[T]angible personal property' means personal property which may be seen, weighed, measured, felt, touched, or is in any other manner perceptible to the senses."

This definition appears today, unchanged, as A.R.S. § 42–1301, subsec. 14.

■ In 1962, the Legislature adopted A.R.S. § 42–1321, subsec. A, supra, to provide the deduction for charitable hospitals. The deduction would undeniably seem to eliminate the collection of a tax on the purchase of gas, electricity and water by hospitals. These items are tangible property, since they can be seen, weighed, measured, felt, and in other ways are perceptible to the senses.

■ In 1967, by Chapter 2 of the Third Special Session, the words "Tangible personal property" used in A.R.S. § 42–1321, were replaced with the words "All personal property." The position of the hospitals is that by the change from "Tangible personal property" to "All personal property," the Legislature intended to make it absolutely clear that it included the furnishing of electricity, gas and water to non-profit hospitals as within the deductions. With this, we agree and so hold.

While the appellant apparently at one time in the court below took the position that electricity, gas and water were not personal property, no argument is made on appeal to that effect. Since there is no question as to the meaning of the word "personal" in the phrase "All personal property" and the word "All" means the whole amount, see Webster's Third International Dictionary, the only possible conclusion is that the Legislature intended that every category of personal property whatsoever be included within the deductions.

Judgment of the Superior Court affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.